FILED'11 FEB 15 10:42 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL L. FROST,                                  Civ. No. 09-1276-AA

    Plaintiff,                                 OPINION AND ORDER

  v.

NORTHERN INSURANCE COMPANY OF
NEW YORK,

    Defendant.

---

Michael J. Vial
Vial Fotheringham
7000 S.W. Varns Street
Portland, Oregon 97223-8006
    Attorneys for plaintiff

Thomas A. Gordon
Robert Spajic
Gordon & Polscer, LLC
Suite 650
9755 S.W. Barnes Road
Portland, Oregon 97225
    Attorneys for defendant

AIKEN, Chief Judge:

    Plaintiff filed suit against defendant in state court seeking

1 - OPINION AND ORDER

to recover insurance proceeds pursuant to a judgment obtained against defendant's insured. See Or. Rev. Stat. §§ 18.352, 742.031. Defendant removed this action to federal court and now moves for summary judgment. Defendant argues that plaintiff fails to establish that the damages for which recovery is sought occurred during the insurance policy period. For the reasons set forth below, defendant's motion is granted.

## FACTS

Plaintiff is the owner of a floating home which is semi-permanently docked at the Janzen Beach Marina on the Colombia River in Portland, Oregon.

Defendant Northern Insurance Company of New York issued a general commercial liability policy (policy) to West Coast Resurfacing, LLC (West Coast), commencing on August 11, 2004.

On October 26, 2004, defendant issued a Notice of Cancellation of the policy as a result of West Coast's failure to pay its premium. The policy was cancelled effective November 13, 2004.

On October 27, 2004, plaintiff entered into a contract with West Coast. The contract called for West Coast to install a topping system on an exterior deck of plaintiff's floating home.

West Coast commenced and completed the work on or about November 6, 2004.

In late 2005 and early 2006, plaintiff began to observe water leaks in the ceiling of his floating home. Eventually, dry rot, mold, fungi, water staining, elevated moisture levels and building material deterioration were discovered throughout the deck

2 - OPINION AND ORDER

structure and the ceiling, wall assemblies and floor coverings of living areas directly below the deck.

On or about July 5, 2007, plaintiff filed suit against West Coast in Multnomah County alleging that West Coast negligently caused the water intrusion and water damage through the following faulty workmanship:

    a) using the Elite-Crete deck topping compound for an application not intended by its manufacturer;

    b) improperly integrating the deck topping compound with other building components;

    c) improperly sealing the deck topping compound.

Def.'s Ex. 4, p. 3. In a first amended complaint filed July 18, 2008, plaintiff also alleged that West Coast's "[a]pplication of the deck topping compound damaged or otherwise compromised the existing waterproof deck coating." Def.'s Ex. 8, p. 4.

Plaintiff's suit against West Coast sought damages in the amount of $82,540 for the cost of repairs and diminished value of the floating home incurred because of the water damage and water intrusion, the reasonable value of plaintiff's efforts to mitigate the water intrusion and water damage, and the reasonable value of plaintiff's lost use. Def.'s Ex. 8, pp. 6-7.

West Coast notified defendant of the suit and tendered a claim for defense and indemnity to defendant. Defendant denied its indemnity obligation and denied West Coast's tender of defense.

In September 2007, West Coast answered plaintiff's complaint and alleged a cross-claim against defendant for failure to defend

3 - OPINION AND ORDER

and indemnify West Coast. Def.'s Ex. 9, p. 2. Defendant filed an answer and denied West Coast's cross-claims. Def.'s Ex. 10, p. 4.

On or about June 18, 2008, West Coast confessed judgment on plaintiff's claims in the amount of $90,512.85, which included costs and attorney fees. Def.'s Ex. 11.

On September 29, 2009, plaintiff filed suit to recover insurance proceeds from defendant.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply to evaluating summary

4 - OPINION AND ORDER

judgment motions: 1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and 2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

### DISCUSSION

Defendant moves for summary judgment, arguing that plaintiff presents no set of facts showing that the damages for which recovery is sought occurred within the policy period.

In disputes involving insurance policies, the insured has the initial burden of establishing conditions of coverage, and the insurer has the burden of proving that the policy excludes coverage. Employers Ins. of Wausau v. Tektronix, Inc., 211 Or. App. 485, 509, 156 P.3d 105 (2007). Here, plaintiff stands in the shoes of the insured and therefore must meet the burden of establishing coverage. See Or. Rev. Stat. § 742.031; State Farm Fire & Cas. Co. V. Reuter, 299 Or. 155, 165-66, 700 P.2d 236 (1985). I find that plaintiff fails to establish that the policy provides coverage for the damages awarded to plaintiff in the underlying state court judgment.

Plaintiff relies primarily on West Coast's confession of judgment in the underlying action to establish coverage under the policy. Plaintiff maintains that defendant is bound by the claims and facts set forth in his first amended complaint, the operative complaint at the time judgment against West Coast was obtained.

5 - OPINION AND ORDER

However, given that defendant did not accept West Coast's tender of defense, I question whether West Coast and defendant were "in privity" or whether the confession of judgment is binding on defendant, given that the issue of West Coast's liability to plaintiff is different from the question of coverage under the policy. State Farm Fire and Cas. Co. v. Paget, 123 Or. App. 558, 562-63, 860 P.2d 864 (1993). Regardless, even if defendant was bound by the facts in the underlying first amended complaint, those facts do not by themselves establish coverage under the terms of the policy.

The relevant language of the policy provides:

This insurance applies to "bodily injury" and "Property damage" only if:

>   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
>   (2) The "bodily injury" or "property damage" *occurs during the policy period*.

Def.'s Ex. 12, p. 1 (emphasis added). Thus, under the plain meaning of the policy, plaintiff must establish that the property damage for which recovery is sought was caused by an "occurrence" within coverage territory, and most importantly, that the property damage occurred during the policy period. See Holloway v. Republic Indem. Co., 341 Or. 642, 650, 147 P.3d 329 (2006) (if the policy does not define the term or phrase in question, courts look to its plain meaning).

The underlying amended complaint against does not establish

6 - OPINION AND ORDER

such facts. Rather, the amended complaint merely asserts that West Coast was negligent in performing work on plaintiff's floating home during October and November of 2004, and that plaintiff discovered leaks and the resulting water damage in late 2005 and early 2006. Such facts do not establish that the damages for which recovery is sought occurred prior to November 13, 2004, the end of the policy period. To the extent plaintiff relies on the allegation that West Coast "damaged or otherwise compromised the existing waterproof desk coating," this allegation does not establish that the damages awarded to plaintiff occurred during the policy period.

Accordingly, to defeat defendant's summary judgment motion, plaintiff cannot rest on the allegations in his underlying complaint against West Coast but must set forth specific facts showing that West Coast was entitled to coverage under the policy. Fed. R. Civ. P. 56(e); see Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888-89 (1990) (courts cannot presume specific facts to support a general allegation). In an attempt to do so, plaintiff submits a declaration from a building science expert, Mark Lawless, who asserts that damage to the waterproof membrane of plaintiff's houseboat likely occurred in November 2004 when West Coast improperly installed the deck topping. See Lawless Decl., p. 2.

Even if Lawless's declaration is considered by the court,[1]

---

[1] Defendant emphasizes that plaintiff failed to disclose Mr. Lawless as an expert or disclose his expert report. If so, his declaration should be stricken. Regardless, I find that the Lawless Declaration does not raise a genuine issue of material fact to preclude summary judgment in favor of defendant.

7 - OPINION AND ORDER

plaintiff seeks recovery of damages awarded for the resulting water damages and water intrusion, not for damages to the waterproof membrane. Regardless of the alleged damage to the deck topping, no facts presented by plaintiff suggest that the resulting property damage of water intrusion and water damage occurred within the policy period ending on November 13, 2004 - particularly when it is undisputed that plaintiff observed no water intrusion until late 2005. I would have to assume, based on speculative probability, that such damage occurred within one week after West Coast's faulty workmanship. The court cannot take such a leap.

Accordingly, plaintiff fails to establish that the damages for which he seeks recovery occurred during the policy period.

## CONCLUSION

For the reasons set forth above, defendant's Motion for Summary Judgment (doc. 13) is GRANTED.

IT IS SO ORDERED.

Dated this 13 day of February, 2011.

                               /s/ Ann Aiken
                                Ann Aiken
                         United States District Judge